USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: FEB 2 1 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PARMANAND BUDHOO,

                            Petitioner,

      -v-

SUPERINTENDENT, GREEN HAVEN
CORRECTIONAL FACILITY,

                           Respondent.
------------------------------------------------------------------X

11 Civ. 1331 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

     Petitioner Parmanand Budhoo was convicted following a jury trial in the Supreme Court of New York, Bronx County, of single counts of second degree attempted murder, first degree assault, first degree burglary, aggravated criminal contempt, fourth degree criminal possession of a weapon, and first degree criminal contempt, and of two counts of second degree criminal contempt. He was sentenced to 20 years imprisonment, followed by 5 years of supervised release. In his petition for a writ of habeas corpus, Petitioner argues that various evidentiary rulings at trial violated his Sixth Amendment due process rights, and that both trial and appellate counsel were ineffective.

     On July 18, 2013, Magistrate Judge Dolinger submitted a Report and Recommendation ("R & R") recommending that the petition be denied. Dkt. No. 18. Petitioner objected. Dkt. No. 20. Having reviewed the entirety of the R & R for clear error, the Court adopts Judge Dolinger's R & R for substantially the same reasons as detailed therein.

I.     BACKGROUND

     As detailed in the R & R, Petitioner was accused and convicted of charges stemming from a series of incidents between himself and his wife, Roomkin Budhoo, which culminated

1

with Petitioner stabbing Ms. Budhoo on June 1, 2004. Dkt. No. 18 at 2. On March 31, 2005,[1] a jury convicted Petitioner of single counts of second degree attempted murder, first degree burglary, fourth degree criminal possession of a weapon, and first degree criminal contempt; as well as two counts of second degree criminal contempt. Budhoo 1st Dep't Br. at 7-8. On April Petitioner was sentenced to concurrent determinate sentences of 20 years, 15 years, 15 years, one year, one year, one year, and one year, respectively; followed by 5 years of supervised release. *Id.* at 8.

Petitioner appealed, and the Appellate Division unanimously affirmed his conviction on December 27, 2007, 46 A.D.3d 406 (1st Dep't 2007). Petitioner's subsequent requests for reargument and a certificate of appealability were denied. Exs. 5 and 6. On June 19, 2009, Petitioner filed a motion for a writ of error coram nobis, alleging ineffective assistance of counsel, Ex. 7, which was denied, as was his request for leave to appeal. Exs. 10, 11. On December 31, 2009, Petitioner filed a motion to vacate his conviction pursuant to New York Criminal Procedural Law ("NY CPL") § 440.10, alleging ineffective assistance of trial and appellate counsel. Ex. 12. Petitioner's NY CPL § 440.10 motion, and his subsequent application for leave to appeal, were denied. Ex. 1 ¶ 16, Ex. 15.

Petitioner filed this petition for a writ of habeas corpus on Feb. 25, 2011. Dkt. No. 1. Judge Dolinger issued his R & R on July 12, 2013. Dkt. No. 18. Petitioner timely filed an objection, which stated in full:

---

[1] The R&R gives the date of Petitioner's conviction as April 4, 2005. The exact date of Petitioner's conviction, however, is immaterial.

> Petitioner Parmanand Budhoo hereby objects to the Report and Recommendation of the Hon. Michael H. Dolinger dated July 12, 2013 for the reasons set forth in the Petition for Writ of Habeas Corpus, Declaration in Support, Memorandum in Support and Reply Memorandum. The aforesaid documents, in their entirety, are incorporated by reference herein and made a part hereof.

Dkt. No. 20.

## II. STANDARD OF REVIEW

Prior to deciding whether to grant a habeas corpus petition, the district court may designate a magistrate judge to submit a Report and Recommendation ("R & R") describing the facts of the case and recommending a disposition. 28 U.S.C. § 636(b)(1)(B). The parties receive copies of the R & R, and must file their objections to it (if any) within 14 days. *Id.* § 636(b)(1)(C). The district court must review *de novo* those aspects of the R & R to which a party has submitted "specific, written objections," Fed. R. Civ. P. 72(b); *accord.* 28 U.S.C. § 636(b)(1)(C), including specific written objections that reiterate those made before the magistrate judge, *see Watson v. Geithner*, No. 11 Civ. 9527, 2013 WL 5441748 at *2 (S.D.N.Y. Sept. 27, 2013). When a party's objections to the R & R are merely "conclusory or general," however, the Court will review the [R & R] only for clear error." *Chebere v. Phillips*, No. 04 Civ. 296 (LAP), 2013 WL 5273796, at *3 (S.D.N.Y. Sept. 18, 2013); *see also Ozsusamlar v. United States,* Nos. 10 Civ. 6655 (KMW) (HBP), No. 02 Cr. 763 (KMW), 2013 WL 4623648, at *2 (S.D.N.Y. Aug. 29, 2013); *Pantoja v. N.Y. St. Div. and Bd. of Parole*, No. 11 Civ. 9709 (CS) (PED), 2013 WL 865905, at *1 (S.D.N.Y. Mar. 8, 2013).

## III. DISCUSSION

Petitioner objects to Judge Dolinger's R & R "for the reasons set forth in the Petition for Writ of Habeas Corpus, Declaration in Support, Memorandum in Support and Reply Memorandum," without setting forth any specific disagreements. Dkt. No. 20. Given the general nature of the petition, the Court need only review the R & R for clear error. *See*

3

*Chebere*, 2013 WL 5273796, at *3. The Court has reviewed the R & R in its entirety and found no clear errors. Accordingly, the Court hereby adopts Judge Dolinger's R & R, and denies this petition for a writ of *habeas corpus*. In addition, the Court declines to issue a certificate of appealability. Petitioner has not made a substantial showing of a denial of a federal right, and appellate review is therefore not warranted. *Love v. McCray,* 413 F.3d 192, 195 (2d Cir.2005). The Court also finds, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith. *Coppedge v. United States,* 369 U.S. 438, 445 (1962).

The Clerk of Court shall dismiss this petition and close the case.

SO ORDERED.

Dated: February 21, 2014
New York, New York

_____
ALISON J. NATHAN
United States District Judge